Argued September 10, reversed and remanded October 16, 1968

## HOWE, *Respondent, v.* PIONEER TELEPHONE COOPERATIVE, *Appellant.*

445 P. 2d 875

*Eugene K. Richardson,* Newport, argued the cause and filed briefs for appellant.

*Dan W. Poling,* Newport, argued the cause for respondent. With him on the brief was James H. Lewelling, Newport.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, HOLMAN and LUSK, Justices.

GOODWIN, J.

Defendant telephone cooperative association appeals a judgment for plaintiff in an action for damages for wrongful refusal to supply telephone services.

There was evidence to support a finding that the defendant, because of long-standing acrimony between the plaintiff and the defendant's local manager, refused to furnish telephone service. One conflict in the testimony, for example, was whether the defendant's agent had once told the plaintiff, "Mr. Howe, I will guarantee you personally you will never have a phone as long as you live in this Oregon Coast."

The defendant had interposed an affirmative defense based upon a regulation of the Public Utility Commissioner of Oregon. With respect to this defense the court gave a wholly erroneous instruction to which exception was duly taken by the defendant. The regulation reads:

"Service may be discontinued if a subscriber or any member of his domestic or business establishment uses vile, abusive or profane language, or impersonates another with fraudulent or malicious intent, over any line connected to the Cooperative's

telephone system after the subscriber has been requested to discontinue such practice."

The answer alleged:

"III

"Prior to the month of February, 1966, defendant furnished telephone service to the plaintiff, and during such period, plaintiff used vile, abusive and profane language of a nature unfit to be printed herein over the lines connected to defendant's telephone system.

"IV

"Defendant requested in writing of plaintiff that plaintiff discontinue the use of said language but plaintiff failed and refused to comply with such request and continued the use of such language over the lines connected to defendant's telephone system, whereupon defendant discontinued plaintiff's telephone service."

There was evidence to support these allegations and to make a question for the jury as to whether the defendant was justified in discontinuing plaintiff's telephone service on the ground that he used vile and abusive language.

The challenged instruction read as follows:

"I instruct you that the power to regulate is essential in order to enable the defendant to perform its services, and it is clearly to be implied from the nature of the enterprise. But it is never to be arbitrarily exercised. Reasonable caution must be exercised lest injustice be done. Some allowance is to be made for human nature. Local customs aren't to be ignored. Habit sometimes excuses, if it does not justify, the use of objectionable language. Early environment, more often than evil spirit, is responsible for bad manners. Undis-

closed emergencies may extenuate lapses from propriety.

"Therefore, if you find that the language used by the defendant [sic] was objectionable but was excusable under the circumstances then and there existing and was not to be insulting, indecent or abusive to the defendant's employee, then you must find that the defendant acted without just cause in refusing to reconnect plaintiff's telephone, and if you find that plaintiff was injured or damaged thereby, your verdict must be in favor of the plaintiff and against the defendant."

■ The instruction is obviously erroneous. The jury could be properly concerned only with the question whether plaintiff used vile and abusive language over the telephone after he had been warned to discontinue such use. The jury was not authorized to excuse the plaintiff because of habit, early environment, the custom of the country, or for any of the other reasons stated in the instruction.

This instruction was taken almost verbatim from the opinion of Mr. Justice Ladd in *Huffman v. Marcy Mutual Telephone Company*, 143 Iowa 590, 121 NW 1033, 23 LRA (ns) 1010 (1909), a case whose only resemblance to this case is that it involved discontinuance of a customer's telephone service because of the use of improper language. It was a mandamus action to compel the company to restore the service, which had been discontinued pursuant to a rule of the company rather than to a regulation by a public body. The evidence showed that after the customer had used improper language over the telephone and had been warned by the company to desist, he did desist, and so the court ordered restoration of the service. The language of the opinion which is incorporated in the instruction complained of had nothing whatever to do with the

function of a jury in a case of this kind, but was used to support the holding of the court that "when rules to guide patrons have not been promulgated in advance, it is not unreasonable that any patron misusing his privileges be duly warned thereof by the telephone company, and given an opportunity to mend his ways, before being finally deprived of this most convenient means of business and social communication." 143 Iowa at 595. This is a most reasonable rule, and it is written into the regulation which the plaintiff in this case was charged with violating. It must, however, be clear that what the Iowa court said is utterly irrelevant to the question before this court raised by the assignment of error in question, and affords no support whatever for the instruction complained of.

Since the case must be tried again, we notice another assignment.

■ The complaint alleged a loss of business resulting from the denial of telephone services, but the record contains not one word of testimony that any particular business was in fact lost, nor the amount of profit that would have been earned from "lost" business but for the defendant's conduct. A timely motion to withdraw special damages from the jury was made and should have been allowed. *Smith v. Abel et al*, 211 Or 571, 316 P2d 793 (1957); *Parker v. Harris Pine Mills, Inc.*, 206 Or 187, 291 P2d 709, 56 ALR2d 382 (1955).

Reversed and remanded.